# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LANI L. GREER, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | No. 3:11-0050 |
| v. ) | (Bktcy No. 3:09-bk-13366) |
| ) | (Adv. No. 3:09-ap-00476) |
| ONE WEST BANK, FSB, *et al.*, ) | |
| ) | |
| Defendants-Appellees. ) | |

## MEMORANDUM

This is a bankruptcy appeal. Defendant-Appellee James Gateley ("Gateley") filed a "Motion to Dismiss Appeal as Moot Because the Adversary Proceeding has Been Dismissed By the Bankruptcy Court or, in the Alternative, for Entry of Dismissal of the Appeal by this Court" (Docket No. 8). Judge Haynes entered an Order (Docket No. 16) denying that Motion but providing that the Court would consider the jurisdictional issues after briefing by the parties. The parties have filed briefs in support of their respective positions (Docket Nos. 9, 15 & 20) and, for the following reasons, the Court will dismiss this appeal as moot.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

In an attempt to void the foreclosure sale of her home in Antioch, Tennessee, Plaintiff-Appellant Lani L. Greer ("Greer") filed a Chapter 11 Bankruptcy Petition in the Bankruptcy Court, along with an adversary proceeding against Gateley (who purchased the property at the foreclosure sale) and One West Bank, FSB ("One West") (the mortgage holder) on November 23, 2009. Gateley, in turn, filed a cross-claim against Defendant-Appellee One West, and a third-party claim against Defendant-Appellee Shapiro & Kirsch, LLP ("Shapiro & Kirsch") in its capacity as

1

substitute trustee.

On November 22, 2010, the Bankruptcy Court granted summary judgment in favor of Defendants-Appellees. Greer then filed a Notice of Appeal in the Bankruptcy Court on December 1, 2010, and argues in this Court that the Bankruptcy Judge erred in holding that Shapiro & Kirsch was not a debt collector and in concluding that the foreclosure sale of her home was valid.

On December 17, 2010, and subsequent to the filing of the Notice of Appeal, the Bankruptcy Court entered an Order dismissing the adversary proceeding with prejudice. The Order of dismissal was in accordance with an Agreed Order in the main bankruptcy case dated April 23, 2010.

The Agreed Order resolved a Motion for Relief from Automatic Stay filed by Gateley. Gateley's request for a relief from the stay stemmed from the fact that, since the time of the foreclosure on the property on October 22, 2009, Greer had been living in the home, had excluded Gateley from the property, and had not made any payments to either One West or Gateley for her continued use of the property.

In the Agreed Order, which was approved for entry by Greer's counsel, Greer agreed that, "commencing on May 1, 2010, and on the first day of each month thereafter," she would pay $3,395.28, which represented what would have been the regular monthly mortgage payments, as well as "the current market-rate rental for" the foreclosed property. (Docket No. 8-2). Greer also agreed that (1) if she did not make the payments as required (and offer proof of insurance coverage which was also required), "then, without further hearing, but upon a notice of default being filed with the Clerk of [the Bankruptcy] Court by Gateley," her claims in the Adversary Proceeding "shall be dismissed with prejudice by order prepared and filed by Gateley"; (2) Gateley "would be immediately entitled to all of the monies held in the attorney trust account . . . which are incident

2

to this Agreed Order"; and (3) "Gateley shall be entitled to proceed, without further motion, notice, or order of [the Bankruptcy] Court, with his state court remedies to remove Greer from the Property and recover any damages allowed by law." (Id.).

On November 22, 2010, Gateley's counsel filed a Notice of Default in the main bankruptcy case, together with an "Order of Dismissal with Prejudice of Lani Greer's Claims in This Adversary Proceeding." Those filings were accidentally made in the wrong Adversary Proceeding, but the "clerical error" was corrected after a hearing (which Greer's counsel attended) by Order of the Bankruptcy Court dated December 13, 2010 (Docket No. 8-4), whereupon Gateley's counsel then resubmitted the filings on December 16, 2010. The following day, the Bankruptcy Judge entered the "Order of Dismissal of Prejudice," dismissing Greer's adversary proceedings. Finally, on the United States Trustee's motion, the Bankruptcy Judge dismissed the main bankruptcy case on February 22, 2011.

Greer did not appeal the December 17, 2010 Dismissal Order relating to the Adversary Proceeding, or the Agreed Order of April 23, 2010. Greer also did not appeal the February 22, 2011, Order dismissing the main bankruptcy case.

## II. LEGAL DISCUSSION

"Federal courts have a duty to consider their subject matter jurisdiction in regard to every case[.]" Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Mootness is a jurisdictional issue because"[u]nder Article III of the United States Constitution, the jurisdiction of federal courts extends only to actual, ongoing cases or controversies." Jones v. Caruso, 421 Fed. Appx. 550, 551 (6th Cir. 2011). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the

3

requested relief." Berger v. Cuyahoga Cnty. Bar Ass'n, 983 F.2d 718, 724 (6th Cir. 1993) "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Jones , 421 Fed. Appx. at 551 (quoting, Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)).

The Court finds that this appeal challenging the grant of summary judgment is moot because the Bankruptcy Court dismissed both the Adversary Proceedings and Greer's main bankruptcy case. The Court also finds that said dismissal was within the Bankruptcy Court's power notwithstanding the pending appeal and that, even if it lacked such power, this Court retains the power to dismiss the underlying bankruptcy proceedings as a result of Greer's failure to comply with the Agreed Order.

Bankruptcy jurisdiction is primarily governed by statute. The general grant of bankruptcy jurisdiction is contained in 28 U.S.C. § 1334 which vests original jurisdiction in the district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A bankruptcy court is a "unit of the district court," 28 U.S.C. § 151, and the district court "may provide that any or all cases arising under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). All bankruptcy cases in this district are automatically referred to the Bankruptcy Court pursuant to Administrative Order 28-11, with the right to appeal either to this Court or, with the consent of all of the parties, the Bankruptcy Appellate Panel in accordance with Administrative Order No. 173.

As a general rule, the filing of a notice of appeal divests a lower court of jurisdiction in favor of the appellate court. See, Griggs v. Provident Consumer Co., 459 U.S. 56, 58 (1982); City of Cumberland v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007).

4

"This rule applies with equal force to bankruptcy cases, In re Transtexas Gas Corp., 303 F.3d 571, 578-79 (5th Cir. 2002), and, thus, "'[t]he timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction 'over those aspects of the case involved in the appeal.'" In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007) (citation omitted).

Notwithstanding the general rule, there are exceptions which are relevant to this case. A bankruptcy court "retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal," In re Transtexas, 303 F.3d 571, 580 n. 2 (5th Cir. 2002), and "retains jurisdiction over all other matters that it must undertake 'to implement or enforce the judgment or order,' although it 'may not alter or expand upon the judgment.'" In re Sherman, 491 F.3d at 967. Further, "[t]he filing of an appeal does not stay the effect of a bankruptcy court order absent a court order upon motion," In re Jones, 178 Fed. Appx. 662, 664 (9th Cir. 2006), and "the bankruptcy court has continuing jurisdiction to interpret and enforce its judgment until the judgment has been properly stayed or superseded." In re Daisytek, Inc., 2004 WL 1698284 AT *3 (N.D. Tex. July 29, 2004) (collecting cases). Finally, even upon the filing of a Notice of Appeal, "[a] bankruptcy court possesses the power to summarily enforce settlement agreements, unless 'material facts concerning the existence or terms of a settlement [are] in dispute.'" In re Twenty-First Century Resources, Inc., 92 Fed. Appx. 430, 431 (9th Cir. 2004) (citation omitted).

In this case, the Bankruptcy Court's dismissal of Greer's Adversary Proceedings and ultimately the underlying bankruptcy case was because Greer failed to comply with the Agreed Order. That Agreed Order was effectively a settlement agreement, settling Gateley's request that the stay be lifted. The Agreed Order was not the subject of the appeal to this Court, and it was

within the Bankruptcy Court's power to interpret and enforce the Agreed Order because the parties' agreement was still in effect, and no effort was made to stay that agreement.

Regardless, even if the Bankruptcy Court lacked the power to enforce its own order which was unrelated to the matters being appealed, this Court would reach the same conclusion as the Bankruptcy Court.

As noted, a district court may refer any or all bankruptcy proceedings to a bankruptcy judge, but so, too, it "may withdraw any case or proceeding referred . . . on its own motion, or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The decision to withdraw a matter from bankruptcy court is committed to the discretion of the district court. See, e.g., Panda Energy Intern., Inc. v. Factory Mut. Ins., 2011 WL 610016 at *3 (N.D. Tex. Feb. 14, 2011); In re Stone, 2010 WL 5069698 at *1 (M.D. Fla. Dec. 7, 2010).

Here, assuming for the sake of argument that the Bankruptcy Judge lacked jurisdiction to dismiss the Adversary Proceedings, there would be cause to withdraw the reference because Greer indisputably violated a court order. Dismissal is the appropriate remedy for Greer's violation since she agreed not only to the terms of the Agreed Order, but also the consequences for failure to abide by the Agreed Order. Thus, the Court could, if it so chose, simply withdraw the reference and dismiss the Adversary Proceeding for Greer's failure to act as she agreed. Whether the decision was by the Bankruptcy Judge or this Court, the result would be the same, and, as a consequence, the appeal which presents issues unrelated to the Agreed Order would be rendered moot.

### III. CONCLUSION

On the basis of the foregoing, Greer's appeal from the Bankruptcy Court's grant of summary judgment in favor of Defendants-Appellees will be dismissed as moot and an appropriate Order will

6

be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE